IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**TRACY DWAYNE ROBINSON,**

    **Plaintiff,**

                                      Case No. 2:25-cv-0051
                                      Chief Judge Sarah D. Morrison
    v.                                  Magistrate Judge Elizabeth P. Deavers

**PARTY UNKNOWN,**

    **Defendant.**

## ORDER AND INITIAL SCREEN REPORT AND RECOMMENDATION

Plaintiff Tracy Dwayne Robinson, an Ohio resident proceeding without the assistance of counsel, has requested leave to proceed *in forma pauperis* with this action. (ECF No. 1.) The Motion is **GRANTED**. It is **ORDERED** that Plaintiff be allowed to prosecute his action without prepayment of fees or costs and that judicial officers who render services in this action shall do so as if the costs had been prepaid.

This matter is also before the Court for an initial screen of Plaintiff's Complaint (ECF No. 1-1) under 28 U.S.C. §§ 1915(e)(2) and 1915A to identify cognizable claims and to recommend dismissal of Plaintiff's Complaint, or any portion of it, which is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. §§ 1915(e)(2), 1915A. For the reasons below, it is **RECOMMENDED** that Plaintiff's Complaint (ECF No. 1-1) be **DISMISSED** in its entirety.

**I.    STANDARD OF REVIEW**

Congress enacted 28 U.S.C. § 1915, the federal *in forma pauperis* statute, seeking to "lower judicial access barriers to the indigent." *Denton v. Hernandez*, 504 U.S. 25, 31 (1992). In doing so, however, "Congress recognized that 'a litigant whose filing fees and court costs are

assumed by the public, unlike a paying litigant, lacks an economic incentive to refrain from filing frivolous, malicious, or repetitive lawsuits.'" *Id*. at 31 (quoting *Neitzke v. Williams*, 490 U.S. 319, 324 (1989)).  To address this concern, Congress included subsection (e)[1] as part of the statute, which provides in pertinent part:

> (2) Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that--
>
>    \*   \*   \*
>
>   (B) the action or appeal--
> (i) is frivolous or malicious;
> (ii) fails to state a claim on which relief may be granted; or . . . .

28 U.S.C. § 1915(e)(2)(B)(i) & (ii); *Denton*, 504 U.S. at 31.  Thus, Section 1915(e) requires *sua sponte* dismissal of an action upon the Court's determination that the action is frivolous or malicious, or upon determination that the action fails to state a claim upon which relief may be granted.

"A complaint may be dismissed as frivolous when the plaintiff cannot make any claim with a rational or arguable basis in fact or law." *Brown v. Kruse*, No. 1:15-CV-526, 2015 WL 5907557, at *1 (S.D. Ohio Aug. 24, 2015) (citing *Neitzke*, 490 U.S. at 328–29), report and recommendation adopted, No. 1:15-CV-526, 2015 WL 5836009 (S.D. Ohio Oct. 7, 2015).  "An action has no arguable legal basis when the . . . plaintiff claims a violation of a legal interest which clearly does not exist. An action has no arguable factual basis when the allegations are delusional or rise to the level of the irrational or wholly incredible." *Id.* (citations and quotations omitted).  The Court does not need to accept as true factual allegations that are fantastical or delusional.  *Id.* (citations and quotations omitted).

---

[1] Formerly 28 U.S.C. § 1915(d).

To properly state a claim upon which relief may be granted, a plaintiff must satisfy the basic federal pleading requirements set forth in Federal Rule of Civil Procedure 8(a). *See also Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010) (applying Fed. R. Civ. P. 12(b)(6) standards to review under 28 U.S.C. §§ 1915A and 1915(e)(2)(B)(ii)). Under Rule 8(a)(2), a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Thus, Rule 8(a) "imposes legal *and* factual demands on the authors of complaints." *16630 Southfield Ltd., P'Ship v. Flagstar Bank, F.S.B.*, 727 F.3d 502, 503 (6th Cir. 2013) (emphasis in original).

Although this pleading standard does not require "'detailed factual allegations,' . . . [a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action,'" is insufficient. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). A complaint will not "suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Id.* (quoting *Twombly*, 550 U.S. at 557). Further, the Court holds *pro se* complaints "'to less stringent standards than formal pleadings drafted by lawyers.'" *Garrett v. Belmont Cnty. Sheriff's Dep't.*, No. 08-3978, 2010 WL 1252923, at *2 (6th Cir. April 1, 2010) (quoting *Haines v. Kerner*, 404 U.S. 519, 520 (1972)). This lenient treatment, however, has limits: "'courts should not have to guess at the nature of the claim asserted.'" *Frengler v. Gen. Motors*, 482 F. App'x 975, 976–77 (6th Cir. 2012) (quoting *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989)).

In addition, when it is evident from the face of the complaint that a court lacks federal jurisdiction, the court may dismiss an action for lack of subject-matter jurisdiction under both 28 U.S.C. § 1915(e)(2)(B) and Federal Rule of Civil Procedure 12(h)(3). *Williams v. Cincy Urban*

*Apts.*, No. 1:10-cv-153, 2010 WL 883846, at *2 n.1 (S.D. Ohio Mar. 9, 2010) (citing *Carlock v. Williams*, 182 F.3d 916, 1999 WL 454880, at *2 (6th Cir. June 22, 1999) (table)).

## II. ANALYSIS

Plaintiff fails to name or identify a defendant anywhere in his Complaint. (ECF No. 1-1.) Plaintiff claims that he had a "1 million dollars investment." (*Id.* at PageID 6.) Plaintiff mentions his deceased relatives, previous cell phones numbers, and a lawyer. (*Id.*) Plaintiff's request for relief is "[r]einstate my proties [sic] at asset [sic] to me showing me ownership with or whatever my benafites [sic] progress during these yeas [sic]." (*Id.* at PageID 7.)

The Undersigned recommends that this action be dismissed for failure to name a defendant, failure to allege subject-matter jurisdiction, and failure to state a claim upon which relief may be granted. First, the Court does not have authority to name a defendant and subject that person or entity to the Court's jurisdiction. *Shelton v. Michigan Turkey Producers Co-op., Inc.*, No. 1:13CV441, 2014 WL 4388366, at *2 (W.D. Mich. Sept. 5, 2014) (A "plaintiff's failure to name a defendant in the complaint can be grounds for dismissal.") (quoting and adopting reasoning of prior Report and Recommendation). Second, Plaintiff does not allege subject-matter jurisdiction, and based on the factual allegations, it is clear that the Court does not have subject-matter jurisdiction. Third, Plaintiff's claims and allegations are devoid of any coherent legal or factual basis. Accordingly, the Undersigned recommends that Plaintiff's claims be dismissed in their entirety.

## III. CONCLUSION

For the reasons explained above, it is **RECOMMENDED** that Plaintiff's Complaint (ECF No. 1-1) be **DISMISSED** in its entirety pursuant to 28 U.S.C. § 1915(e)(2) for failure to name a defendant, failure to allege subject-matter jurisdiction, and failure to state a claim upon

which relief may be granted. It is **FURTHER RECOMMENDED** that the Court certify pursuant to 28 U.S.C. § 1915(a)(3) that for the foregoing reasons an appeal of any Order adopting this Report and Recommendation would not be taken in good faith and therefore deny Plaintiff leave to appeal *in forma pauperis*. *See McGore v. Wrigglesworth*, 114 F.3d 601 (6th Cir. 1997).

### PROCEDURE ON OBJECTIONS

If any party seeks review by the District Judge of this Report and Recommendation, that party may, within 14 days, file and serve on all parties any objections to the Report and Recommendation, specifically designating this Report and Recommendation, and the part in question, as well as the basis for objection. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). Response to objections must be filed within 14 days after being served with a copy. Fed. R. Civ. P. 72(b).

The parties are specifically advised that the failure to object to the Report and Recommendation will result in a waiver of the right to *de novo* review of by the District Judge and waiver of the right to appeal the judgment of the District Court. Even when timely objections are filed, appellate review of issues not raised in those objections is waived. *Robert v. Tesson*, 507 F.3d 981, 994 (6th Cir. 2007) ("[A] general objection to a magistrate judge's report, which fails to specify the issues of contention, does not suffice to preserve an issue for appeal . . . ." (citation omitted)).

Date:  January 23, 2025             /s/ *Elizabeth A. Preston Deavers*
                                    **ELIZABETH A. PRESTON DEAVERS**
                                    **UNITED STATES MAGISTRATE JUDGE**